UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 08-059-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLARENCE KIRBY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Clarence Kirby was sentenced on April 15, 2009, to a term of imprisonment of 235 months based upon his involvement in a conspiracy to distribute a quantity of Oxycodone pills in southeastern Kentucky. The quantity of pills attributed to Kirby was relatively modest. As a result, his base offense level, before any adjustments, was determined to be 14. However, because Kirby was determined to be a career offender, his offense level was increased to 34 prior to the adjustment for acceptance of responsibility. Kirby's non-binding guideline range for imprisonment was 188 to 235 months. [Record No. 95, p. 4] Thus, Kirby received a sentence within his guideline range, but just barely.

On November 7, 2014, Floyd moved the Court to reduce his sentence under 18 U.S.C. § 3582(c) based on recent changes in the drug tables used to determine non-binding guideline ranges for incarceration applicable to certain federal drug offenses. [Record No. 102] Kirby argues – incorrectly – that the Court should reduce his total offense level (31) by two levels,

resulting in a revised, total offense level of 29. For the reasons explained below, the relief requested is not appropriate. Therefore, Floyd's motion will be denied.

A change in Kirby's guideline range would result in his Base Offense Level being reduced from 14 to 12.[1] However, the adjusted offense level would then be increased to 34 based on the defendant's status as a career offender. In other words, the adjustment Kirby seeks would be applied before, not after, the adjustment is made for his career offender status. Under those circumstances, Kirby's ultimate guideline range would not be affected.

In any event, a reduction of Kirby's sentence would not be appropriate. While counsel for the defendant pointed to Kirby's addiction, lack of prior drug treatment, and medical condition in requesting a sentence at the bottom of the guideline range, the Assistant United States Attorney assigned to the case requested an upward variance. In fact, this was the first upward variance ever sought by this particular attorney for the government. According to the United States, Kirby's lengthy, serious criminal history and negative personal characteristics were "pro-variance factors" that supported a sentence above the guideline range. [Record No. 95, pp. 5-15]

---

[1] Kirby's counsel acknowledged that the career offender determination rather than the pills attributed to the defendant resulted in his high guideline range:

> I would just like to emphasize that the offense conduct in here, as indicated, would result in a relatively or rather low, relatively low offense level, if it were not for the career offense status. I believe there were 33 or 34 pills involved, when in fact one codefendant received a sentence of probation.
>
> So it's the career offender status which is really hitting Mr. Kirby hard.

[Record No. 95, p. 5]

After starting from the proposition that the sentence imposed should be sufficient but not greater than necessary to meet the goals of 18 U.S.C. § 3553(a)(2), the Court noted some of the same concerns expressed by the United States regarding Kirby's criminal history.

> The Court is obviously concerned in a case such as this with providing deterrence to future criminal conduct for this defendant and also protecting the public from any crimes that he's likely to commit. And as Mr. Ousley correctly points out, the defendant's criminal history is a strong indicator that he's likely to commit future crimes if he is released on supervised release in the future.
>
> The Court is concerned with a number of the convictions. I'm not going to go through each of those. I believe that Mr. Ousley had done a good job of reviewing the convictions that of course concern the Court. They include not only the rape conviction, which occurred several years ago when Mr. Kirby was young, but also a series of convictions that occurred while the rape conviction was on appeal.
>
> . . . And under the facts of this case, the Court believes that a sentence at the upper end of the guideline range or perhaps beyond the upper end of the guideline range would meet that factor [of avoiding sentencing disparities], as well, based on the defendant's criminal history.

[Record No. 95, pp. 15-19 ]

Based upon all of the relevant statutory considerations, the Court concluded that a sentence of 235 months, consecutive to any undischarged sentence, was necessary. The Court concluded at the time Kirby was sentenced that a lower term of incarceration was not appropriate. That conclusion has not changed with the passage of time. Likewise, the conclusion is not altered by any of Kirby's post-sentencing conduct or medical condition.

In summary, the recent modifications of the United States Sentencing Guidelines do not affect Kirby's status as a Career Offender under the guidelines. Likewise, his guideline range is not changed as a result of this status, notwithstanding the changes in the guidelines. However,

even if Kirby's guideline range had been affected by the recent guideline changes, the Court would not exercise discretion to lower his sentence below 235 months. Accordingly, it is hereby

**ORDERED** that Defendant Clarence Kirby's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) [Record No. 102] is **DENIED**.

This 10th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge