UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 08-059-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CLARENCE KIRBY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant Clarence Kirby has filed motions for compassionate release and to appoint counsel.  [Record Nos. 107, 108]  He has failed, however, to establish extraordinary and compelling circumstances which would support his early release from confinement. Additionally, he has not shown that the interests of justice require the appointment of counsel. As a result, his motions will be denied.

## I.  Background

Kirby pleaded guilty to conspiring to distribute oxycodone and was sentenced to 235 months' imprisonment in April 2009.  [Record No. 84]  The United States Court of Appeals for the Sixth Circuit later affirmed his conviction and sentence.  [Record No. 98]  This Court denied Kirby's subsequent motion for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines.  [Record No. 106]  Kirby now seeks compassionate release based on his alleged risk of severe illness resulting from the COVID-19 pandemic. [Record No. 107]

- 1 -

## II.  Compassionate Release

Requests for compassionate release are evaluated under 18 U.S.C. § 3582(c)(1)(A).  It provides:

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

Consistent with this statute, district courts generally apply a three-step test when deciding motions for compassionate release.  *See United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020).  First, the court must determine whether extraordinary and compelling reasons warranting a sentence reduction exist.  *Id.*  Second, the court must consider any *applicable* policy statements found in the United States Sentencing Guidelines.  *Id.* at 1108.  Third, the court must determine whether relief is warranted under the factors stated in 18 U.S.C. § 3553(a).  *Id.*

There is no applicable guidelines policy statement when a prisoner files a motion for compassionate relief on his own behalf.  *Id.* at 1108-09.  Accordingly, when dealing with motions filed by prisoners, the Court skips the second step of the three-step analysis.  *Id.* at 1111.  Additionally, "district courts may deny compassionate-release motions when any of the

---

[1]     The government does not contest the exhaustion of Kirby's administrative remedies.  [*See* Record No. 115, p. 2.]

three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, --F.3d--, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021).

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Sixth Circuit recently clarified that, when an imprisoned person files a motion for compassionate release, the district court has "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Jones*, 908 F.3d at 1109. And the undersigned has determined that, while the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a helpful starting point for deciding whether extraordinary and compelling reasons exist.

As relevant here, the application notes to § 1B1.13 provide the following:

(A)    Medical Condition of the Defendant—
        (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
        (ii)    The defendant is—
                (I)    suffering from a serious physical or medical condition,

                (II)    suffering from a serious functional or cognitive impairment, or

                (III)    experiencing deteriorating physical or mental health because of the aging process,
        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1. Medical conditions meeting this definition are "so serious that [they] cannot be adequately addressed in BOP custody." *United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020).

In the present case, Kirby contends that he suffers from hypertension and ulcerative colitis, is a former smoker, is "severely overweight," and has a cardiac stint following a heart attack in 2007. [Record No. 107, p. 2] He contends that he is at grave risk based on his potential exposure to COVID-19 at his facility of confinement, Ashland FCI.[2]

The Centers for Disease Control report that adults with obesity and heart conditions such as coronary artery disease are at an increased risk of severe illness from the virus that causes COVID-19.[3] Additionally, adults with hypertension *might* be at an increased risk of severe illness. While the defendant has not provided details or documentary evidence concerning the severity of his underlying illnesses, the United States has provided Kirby's medical records from the BOP, which have been filed in the record under seal.

BOP records indicate that Kirby is regularly seen by BOP medical staff and that outside referrals are recommended when necessary. He is prescribed a variety of medications to manage his documented conditions, which include hypertension, ulcerative colitis, and chronic pain. His labs are "essentially normal," and his conditions appear to be well-managed.

Put simply, the defendant has not demonstrated that his current medical conditions constitute extraordinary and compelling reasons for release. While the defendant's concerns are legitimate, generalized fears of contracting COVID-19, without more, do not constitute a

---

[2]     Ashland FCI houses 957 inmates. The BOP reports that 8 inmates and 11 staff members at Ashland FCI are currently positive for COVID-19. BUREAU OF PRISONS, *COVID-19 Coronavirus*, (updated Jan. 12, 2021) https://www.bop.gov/coronavirus/.

[3]     CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, (updated Dec. 29, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

- 4 -

compelling reason for release.[4]  *See United States v. Bothra*, 2020 WL 2611545, at *2 (6th Cir. May 21, 2020).

But even if the defendant had established extraordinary and compelling reasons in favor of his release, the factors under 18 U.S.C. § 3553(a) do not support the defendant's motion. These factors include the nature and circumstance of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to provide deterrence, and to protective the public from further crimes; and the need to avoid unwarranted sentencing disparities.  § 3353(a).

Kirby pleaded guilty to a serious crime—conspiring to traffic oxycodone which he was planning to trade for cloned marijuana plants.  Further, his criminal history is extensive and includes multiple controlled substance offenses, which include possession of cocaine; distribution of marijuana; and cultivation of marijuana.  Kirby also has a history of violent crime, having been convicted of first-degree rape in 1982.  Under the circumstances, a lengthy term of incarceration is necessary not only to protect the public from the defendant's crimes, but also to provide general and specific deterrence.  Despite the defendant's numerous convictions, his prior sentences clearly were insufficient to deter him from committing the instant offense.

The defendant's advisory guidelines range was 188 to 235 months' imprisonment. While the United States requested a sentence above this range, the Court declined to vary

---

[4]     The BOP is presently working with the Centers for Disease Control and Prevention and a public-private partnership established by the federal government, known as Operation Warp Speed, to ensure that the BOP remains prepared to administer the COVID-19 vaccine to inmates as soon as it is available.  The Court has been advised that, as of January 4, 2021, doses of the vaccine have been delivered to 48 BOP facilities in various regions of the country.

upward, considering the defendant's mitigating arguments concerning his age and heart disease.  In light of the foregoing, the Court remains persuaded that 235 months' imprisonment remains the minimum sentence that is sufficient, but not greater than necessary, to promote the purposes of § 3553(a).

### III.  Appointment of Counsel

Finally, Kirby requests appointment of counsel based on the alleged complexity of the issues involved in his motion for compassionate release.   But as the defendant has acknowledged, there is no constitutional right to counsel in a proceeding under 18 U.S.C. § 3582(c).  *See United States v. Bruner*, 2017 WL 1060434, at *2 (E.D. Ky. March 21, 2017); *United States v. Johnson*, 2016 WL 10704239, at *3 (6th Cir. 2016) (observing that there has been no historical right to counsel in proceedings under § 3582(c)(2)).  Instead, the Court has discretion to determine whether appointment of counsel is warranted.  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  This determination depends on various factors including the complexity of the case and the petitioner's ability to present the issues involved.  *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

Here, the issues for resolution are clear and the defendant has demonstrated an ability to articulate them with supporting arguments.   Accordingly, appointment of counsel is unnecessary and would be a waste of resources.

### IV.  Conclusion

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.     The defendant's motion for compassionate release [Record No. 107] is **DENIED**.

- 6 -

2.    The defendant's motion for appointment of counsel [Record No. 108] is
**DENIED**.

Dated: January 13, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky